Liston F. Coon, J.
The threshold question to be answered in this proceeding is whether or not a juvenile presently under probation supervision may be charged with violation of probation through commission of a further delinquent act where the existing conditions of probation do not refer to such possible conduct.
On April 16, 1970, respondent was adjudicated in this court, to be a juvenile delinquent in connection with the theft of a ‘ ‘ mini-bike ’ ’. The probation investigation made preparatory to the dispositional hearing (Family Ct. Act., §§ 743, 745, 746) disclosed that on July 25,1969, respondent had been adjudicated to be a juvenile delinquent in the Family Court of Chemung County and had been placed on probation for a period of two years. The conditions of probation did not specifically refer to further delinquent behavior.
A petition alleging violation of probation was filed in Chemung County. Since the respondent and his parents now reside in this county, probation supervision has been transferred to this county and the violation proceeding to this court. (Family Ct. Act, i§§ 175,176.) The Law Guardian appointed to represent the respondent now moves to dismiss the violation petition.
Section 757 of the Family Court Act provides that rules of court shall define permissible terms and conditions of probation. Such rules have been promulgated by the Administrative Board of the Judicial Conference and are to be found in 22 NYCRR 2506.6. One of the permissible terms and conditions is “ obey all laws and ordinances ” but it is to be noted that this specific condition was not in existence at the time the original probation was imposed. (See McKinney’s Cons. Laws of N. Y., New York Court Rules, 1969 ed., p. 698.)
*876 In contrast, section 932 of the Code of Criminal Procedure provides that commission of an additional offense, other than a traffic infraction, shall be grounds to revoke a sentence of probation irrespective of whether such fact is specified as a condition of the sentence. The Penal Law so provides in like tenor (Penal Law, § 65.00). However it has been held that the Code of Criminal Procedure is not applicable to Family Court proceedings. (Matter of “ Jones ”, 43 Misc 2d 390.)
It may be argued that where the statute is specific as to adults and the statute and rules are silent as to juveniles an intent is evidenced that no violation of conditions of probation imposed upon a juvenile may lie for a further delinquent act unless that be specified as a condition. In Matter of Krywalski (26 A D 2d 894), the Family Court sought to impose restitution as a condition of probation. At the time, restitution was not listed as a permissible condition under the rules. The order of disposition was modified to strike the restitution provision.
However the case now before the court must be viewed in a different light. The condition to make restitution in Krywalski required an affirmative act. To avoid violation of law is a restraint expected of everyone. In People v. Ware (29 A D 2d 557), the court held that, “ implicit in every grant of probation is a requirement that defendant not commit another crime.” (See, also, People v. Moffre, 34 A D 2d 703.) The presence or absence of a specific rule o.r condition is therefore moot. The standards inherently expected of adult probationers are equally applicable to juveniles in similar circumstances.
The. motion to dismiss the violation petition is denied. The matter will be scheduled for further proceedings.